This document was signed electronically on September 28, 2018, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: September 28, 2018



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 17-50504 |
| | ) | |
| ROBERT A. BLAKE, SR. and JOYCE M. BLAKE, | ) ) | Chapter 7 |
| | ) | Adversary Proceeding No. 17-05014 |
| Debtors. | ) ) | Judge Alan M. Koschik |
| | ) | |
| ROBERT A. BLAKE, SR. and JOYCE M. BLAKE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FIRST MERIT BANK, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM DECISION ON**
**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs Robert A. Blake, Sr. and Joyce M. Blake (the "Plaintiffs), the debtors in the underlying bankruptcy case from which this adversary proceeding arises, have filed a Complaint seeking: (1) a determination that Defendant First Merit Bank's (the "Defendant") two junior mortgage liens encumbering Plaintiffs' residence are unsecured; and (2) avoidance of those two liens. In the Complaint, the Plaintiffs allege that, because Plaintiffs' residence is worth less than the balance owed on Defendant's first mortgage, Defendant's two additional junior mortgage liens constitute unsecured claims that are subject to avoidance under 11 U.S.C. § 506.

Currently before the Court are the Plaintiffs' Motion for Default Judgment (the "Motion") [Docket No. 12], filed on July 26, 2017, and Responsive Brief [Docket No. 20], filed on February 26, 2018. The Responsive Brief was filed at the direction of the Court in its Brief Scheduling Order entered on February 9, 2018 [Docket No. 18], which raised questions about the legal sufficiency of the Complaint and the merits of the Motion. The Defendant has neither appeared in the case nor filed any answer or response to Plaintiffs' Complaint. In their Motion, the Plaintiffs seek default judgment on the Complaint, arguing that because the Defendant has failed to respond, the Plaintiffs are entitled to a determination that the Defendant's second mortgage lien,[1] account number ending in 2739, is a wholly unsecured lien subject to avoidance under 11 U.S.C. § 506 given that the value of Defendant's senior mortgage lien exceeds the value of the securing collateral, Plaintiffs' residence. For the following reasons, Plaintiffs' Motion for Default Judgment will be denied and this adversary proceeding will be dismissed with prejudice.

---

1. Although the complaint describes two junior mortgage liens, the Plaintiffs only seek default judgment as to one of the Defendant's junior mortgage liens. That is the matter this decision will address.

**JURISDICTION AND VENUE**

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio. Venue is proper pursuant to 28 U.S.C. § 1409(a). Actions to determine and avoid liens are core proceedings that this Court may hear and determine. 28 U.S.C. § 157(b)(1), (b)(2)(A), (K) and (O).

**DEFAULT JUDGMENT STANDARD**

When a defendant fails to respond or otherwise contest a properly served adversary complaint, the plaintiff may move for default judgment under Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55 and makes it applicable to adversary proceedings brought during a bankruptcy case. *See Kravitz v. Deacons* (*In re Advance Watch Company*), __B.R.__, 2018 WL 3203386, at *2 (Bankr. S.D.N.Y. 2018). However, the decision whether or not to enter a default judgment is committed to the bankruptcy court's discretion. *See* Fed R. Civ. P. 55(b); *O'Neil v. Bahre* (*In re Holmes & Bahre Paint & Body, Inc.*), 558 B.R. 58, 63-64 (Bankr. D. Conn. 2016). Further, even though a defaulting defendant is deemed to have admitted[2] every well-pleaded allegation set forth in the complaint, "a movant [must] present competent evidence to establish a *prima facie* case for the relief sought in the complaint." *Id.* (collecting cases); *see also In re Mankins*, 2009 WL 1616012, at *2 (Bankr. N.D. Ohio June 5, 2009); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Webster v. Key Bank* (*In re Webster*), 287 B.R. 703, 709 (Bankr. N.D. Ohio 2002); *General Electric Corp. v. Bui* (*In re Bui*), 188 B.R. 274, 276 (Bankr. N.D. Cal. 1995); *Ullico*

---

2. Rule 8(b)(6) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Federal Rules of Bankruptcy Procedure 7008(b)(6), provides that any allegations in a complaint (other than damages) that are not denied are deemed admitted.

*Cas. Co. v. Abba Shipping Lines, Inc.*, 891 F.Supp.2d 4, 6 (D.D.C. 2012).

In other words, "the court is required to make an independent determination" as to the propriety of the relief sought and "[a] plaintiff is not entitled to default judgment solely because the defendant has failed to answer." *Mankins*, 2009 WL 1616012, at *2 (citations omitted); *see also Ullico Cas. Co.*, 891 F.Supp.2d at 6; *cf. United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 278, 130 S. Ct. 1367, 1381, 176 L.Ed.2d 158 (2010) (holding that, in the context of student loan dischargeability and the confirmation of a chapter 13 plan, "the bankruptcy court must make an independent determination of undue hardship before a plan is confirmed, even if the creditor fails to object or appear in the adversary proceeding.").

Accordingly, the Court must make an independent determination as to whether the Plaintiffs' Complaint and Motion state both a factual and legal basis sufficient to render an entry of default judgment appropriate. *See In re Lawton*, No. 13-05261, 2014 WL 1276566, at *1 (Bankr. N.D. Ga. Feb. 18, 2014) ("A party's default does not by itself warrant the entry of a default judgment unless there is 'a sufficient basis in the pleadings for the judgment entered.'") (quotations omitted).

## FACTUAL BACKGROUND

On March 3, 2017, the Plaintiffs Robert A. Blake, Sr. and Joyce M. Blake jointly filed for Chapter 7 bankruptcy. [Case No. 17-50504, Docket No. 1]. The Plaintiffs' Schedule A/B lists their residence and values it at $52,650.00. [*Id.*, p. 10]. On Schedule D, the Plaintiffs list three debts secured by their residence, each held by the Defendant: (1) a first mortgage, account number ending in 3947, with a value of $54,085.00; (2) a second mortgage, account number ending in 2739, with a value of $20,607.84; and (3) a home equity loan, account number ending

4

in 9173, with a value of $3,633.02.[3] [*Id.*, pp. 18-19].

On April 5, 2017, the Plaintiffs filed this adversary proceeding seeking: (1) a determination that the Defendant's two junior liens secured by the Plaintiffs' residence constitute unsecured claims; and (2) avoidance of those two junior liens under 11 U.S.C. § 506. The Plaintiffs executed summons on the Defendant via regular, first-class mail, postage prepaid [Docket No. 9] and filed a declaration stating that the summons had been properly served. [Docket No. 8]. After no response was received, the Plaintiffs further executed an alias summons on the Defendant, which was served by certified mail. [Docket No. 16]. None of the Court's documents mailed to the Defendant's address of record were returned as undeliverable.[4]

## LEGAL ANALYSIS

At issue in this case is whether Section 506 of the Bankruptcy Code allows the Plaintiffs to avoid a wholly unsecured junior mortgage lien that encumbers property of their Chapter 7 bankruptcy estate. Upon review of the United States Supreme Court's holdings in *Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773, 116 L.Ed.2d 903 (1992) and *Bank of America, N.A. v. Caulkett*, 135 S. Ct. 1995, 192 L.Ed.2d 52 (2015), two binding decisions that squarely govern the Plaintiffs' case, the Court finds that Section 506 does not allow the Plaintiffs to avoid the Defendant's junior mortgage lien in this Chapter 7 case.

In *Dewsnup*, a Chapter 7 debtor argued that, because a creditor's lien exceeded the value of the land it encumbered, she was entitled to a reduction in the value of the lien (aka "strip

---

3. The values in Plaintiffs' Schedule D, the Complaint, and the Motion for Default Judgment are not consistent. However, these discrepancies do not affect the Court's analysis and, where appropriate, the Court will utilize the figures provided by Debtors in Schedule D.

4. While the Court suspects that the Defendant is a federally insured depository institution and that the Plaintiffs' service thus may not have complied with Federal Rule of Bankruptcy Procedure 7004(h)'s requirement that service of process be addressed to an officer of the Defendant, the Court finds that issue irrelevant because the result would be the same even if service were clearly proper.

5

down") such that it matched the value of the encumbered property pursuant to Section 506(a) and (d). 502 U.S. at 413, 112 S. Ct. at 776. In ruling against the debtor, the *Dewsnup* court found Section 506(a) and (d) to be ambiguous and held that "§ 506(d) does not allow petitioner to 'strip down' respondents' lien, because respondents claim is secured by a lien and has been fully allowed pursuant to § 502." *Id.* at 417, 112 S. Ct. at 778.

The *Dewsnup* court acknowledged that, although Section 506's use of the term "secured claim" in both subsections (a) and (d) could be read to support the debtor's strip down argument, as used in the two subsections, the term "secured claim" was ambiguous. The Supreme Court also noted that Congress passed and enacted Section 506 against the backdrop of the Code's long-standing practice of allowing valid liens to survive by passing through bankruptcy proceedings undisturbed. *Id.* at 416-420, 112 S. Ct. at 777-779. Accordingly, the *Dewsnup* court held, "to attribute to Congress the intention to grant a debtor a broad new remedy against allowed claims to the extent that they become 'unsecured' for purposes of § 506(a) without the new remedy's (sic) being mentioned somewhere in the Code itself or in the annals of Congress is not plausible, in our view, and is contrary to basic bankruptcy principles." *Id.* at 420, 112 S. Ct. at 779.

Twenty-three years later, the Supreme Court reaffirmed and extended *Dewsnup*, specifically holding that even a wholly unsecured junior lien is not subject to avoidance under Section 506. *Caulkett*, 135 S. Ct. at 1999. While it acknowledged that the debtor seeking to avoid a wholly unsecured junior mortgage lien had offered a "straightforward reading of the statute" in support of avoidance, the *Caulkett* court noted that in *Dewsnup*, it had already "defined the term 'secured claim' in § 506(d) to mean a claim supported by a security interest in property, regardless of whether the value of that property would be sufficient to cover the claim."

*Id.* Thus, the *Caulkett* court held that: "claims…secured by liens and allowed under § 502…cannot be voided under the definition given the term 'allowed secured claim' by *Dewsnup*." *Id.*

In this case, Plaintiffs do not appear to dispute the fact that Defendant's junior mortgage lien constitutes an allowed claim under Section 502. Further, the Court recognizes that Plaintiffs' residence is worth less than the value of the Defendant's senior mortgage lien and that Defendant's junior mortgage liens are thus arguably "unsecured." [Docket No. 1, ¶¶10-14]. Nevertheless, this Court is bound by the precedent set by *Dewsnup* and *Caulkett* and must deny the Plaintiffs' Motion because "a debtor in a Chapter 7 bankruptcy proceeding may not void a junior mortgage lien under § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of the collateral."[5] *Caulkett*, 135 S. Ct. at 2001; *see also Doss v. Norhardt Crossing Condo. Ass'n* (*In re Doss*), No. 17-21492, 2018 WL 3202998 (Bankr. W.D. Wis. June 28, 2018) (applying *Dewsnup* and *Caulkett* and holding that a Chapter 7 debtor could not avoid a creditor's wholly unsecured lien encumbering the debtor's residence under Section 506); *Ritter v. Brady* (*In re Ritter*), No. NC-17-1001-FBJu, 2017 WL 3392671 (9th Cir. BAP August 8, 2017) (affirming bankruptcy court's application of *Caulkett* and denial of a debtor's attempt to reopen Chapter 7 case to avoid a wholly unsecured junior mortgage lien).

Additionally, because *Dewsnup* and *Caulkett* squarely prohibit the lien avoidance relief sought by the Plaintiffs in their Complaint, the Court will dismiss this adversary proceeding with

---

5. The Court acknowledges that *Caulkett* turned, in part, on the fact that the appellant expressly refused to ask the Supreme Court to overturn its holding in *Dewsnup*. *See Caulkett*, 135 S. Ct. at 2000 n.1 ("…the debtors have repeatedly insisted that they are not asking us to overrule *Dewsnup*."). Nonetheless, this Court must follow binding precedent that only the United States Supreme Court itself can overturn. *See, e.g.*, *Tenet v. Doe*, 544 U.S. 1, 10–11, 125 S.Ct. 1230, 1237, 161 L.Ed.2d 82 (2005) ("…if the 'precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.' *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989).").

prejudice.

The Plaintiffs cite *Folendore v. U.S. Small Business Admin.*, 862 F.2d 1537 (11th Cir. 1989) and *McNeal v. GMAC Mortg., LLC* (*In re McNeal*), 735 F.3d 1263 (11th Cir. 2012) in support of their position that the Defendant's junior mortgage lien is subject to avoidance under Section 506. However, the Plaintiffs' reference to those cases is unavailing not only because binding Supreme Court precedent is to the contrary, but also because both were expressly overruled by the Eleventh Circuit Court of Appeals in *In re Waits* (*Waits II*)*,* 793 F.3d 1267 (Mem) (11th Cir. 2015). In *Bank of America, N.A. v. Waits* (*Waits I*), 578 Fed.Appx. 827 (Mem) (11th Cir. 2014), the Eleventh Circuit initially held, pursuant to *Folendore* and *McNeal*, that Section 506 allowed a Chapter 7 debtor to avoid a junior mortgage lien when the senior lien exceeds the value of the encumbered property. After deciding *Caulkett*, the Supreme Court vacated the *Waits I* decision and on remand, the Eleventh Circuit reasoned that *Folendore* and *McNeal* could not be reconciled with *Caulkett* and overruled both cases. *Waits II*, 793 F.3d at 1268. Accordingly, the Court finds that neither case remains good law, and even if they had not been expressly overruled, they would be unavailing against the binding Supreme Court precedents of *Dewsnup* and *Caulkett*.

Plaintiffs also cite *Lane v. W. Interstate Bancorp* (*In re Lane*), 280 F.3d 663 (6th Cir. 2002) in support of their Motion. However, *Lane* dealt with Chapter 13 debtors who attempted to modify the rights of a junior mortgage lienholder in their plan, pursuant to Section 1322(b)(2).[6] Thus, *Lane* dealt with a different section of the Code in a reorganization – not a liquidation - proceeding, rendering it disanalogous to the case at hand. Further, bankruptcy courts that have reconciled the post-*Caulkett* differences between lien stripping in Chapter 13

---

6. Pursuant to 11 U.S.C. § 103(i), Section 1322(b)(2) only applies to Chapter 13 cases.

and Chapter 7 cases have held that "*Caulkett* is limited to the context of Chapter 7 lien-stripping under § 506." *In re Travers*, 541 B.R. 639, 642 (Bankr. E.D. Ky. 2015) (collecting cases holding that *Caulkett* does not implicate the Chapter 13 issues raised by cases like *Lane*). Accordingly, because *Lane* dealt with different legal and factual issues, and the *Caulkett* decision squarely governs the issues presented in Chapter 7 cases, the Plaintiffs' arguments based on *Lane* are unpersuasive.

## CONCLUSION

Accordingly, although the Defendant has failed to respond to the Plaintiffs' Complaint, the relief sought by the Plaintiffs is prohibited by the Supreme Court's holdings in *Dewsnup* and *Caulkett*. Thus, pursuant to the Court's independent duty to determine whether the Plaintiffs are entitled to the relief they seek, the Defendant's default notwithstanding, the Court finds that the Plaintiffs are unable to avoid the Defendant's junior mortgage lien, account number ending in 2739, because for purposes of Section 506 the lien constitutes an allowed secured claim under Section 502, regardless of the value of the securing collateral. *See Caulkett*, 135 S. Ct. at 1999. Further, the Court finds that the Plaintiffs' Complaint must be dismissed with prejudice because it seeks relief expressly forbidden by binding Supreme Court precedent. *See Dewsnup*, 502 U.S. at 417, 112 S. Ct. at 778; *Caulkett*, 135 S. Ct. at 2001.

The Court will enter a separate form of judgment denying the Plaintiffs' Motion for Default Judgment and dismissing the Plaintiffs' Complaint consistent with this Memorandum Decision. The Court's Order denying the Plaintiffs' Motion for Default Judgment and dismissing the Plaintiffs' Complaint will not be deemed entered until the separate form of Order has been docketed by the Clerk.

# # #